UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELISSA WILLIAMS,<br><br>               Petitioner,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner for the Social Security Administration,<br><br>               Respondent. | Case No. 1:10-cv-00374-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently pending before the Court is Melissa Williams's Petition for Review (Docket No. 1). Williams seeks review to set aside the final decision of Respondent denying her claims for Title II Social Security disability benefits. She brings this action pursuant to 42 U.S.C. §§ 405(g). The parties consented to having the United States Magistrate Judge conduct all further proceedings in this case. (Docket No. 14). Having carefully reviewed and considered the pleadings, briefs and administrative record, and being otherwise fully advised, the Court enters the following Memorandum Decision and Order.

## ADMINISTRATIVE PROCEEDINGS

Williams ("Petitioner" or "Claimant") filed for Social Security disability insurance benefits under Title II of the Social Security Act (the "Act") on December 8, 2006. (AR

64). Petitioner alleges disability in the form of several impairments, or combination thereof, including depression, bipolar II, anxiety and diabetes. (AR 87). Petitioner also has mild asthma and is obese, which are taken into consideration when examining the combined effects of her claimed disabilities. In her petition she alleges an onset date of April 20, 2006. (AR 82).

The Commissioner denied Petitioner's application initially on June 29, 2007, (AR 13), and upon reconsideration on December 28, 2008. (*Id.*). Petitioner filed a timely request for a hearing which took place before Administrative Law Judge Lloyd Hartford on August 10, 2009. (AR 557). Petitioner is represented by attorney Jacob Bernhardt. (AR 550). Also present at the hearing were Medical Expert, Dr. James Bruce, and Vocational Expert Anne Aastum. (AR 557).

On December 9, 2009, the ALJ denied Petitioner's claim based on a finding that Petitioner "has not been under a disability, as defined in the Social Security Act, from April 20, 2006, through the date of" the ALJ's decision. (AR 29).

Petitioner timely requested the Appeals Council review the ALJ's decision. Petitioner's appeal included letters from Petitioner and her attorney complaining of the way that ALJ Hartford spoke to Williams during the hearing. Petitioner went as far as to complain that the ALJ made her feel like she wasn't even human. Petitioner's attorney, Jacob Bernhardt, requested that the Appeals Council listen to the recording of the hearing, going as far as to state that "Judge Hartford's actions in this particular case defy

explanation," and that he "seemed determined to deny the claim regardless of what was said by anyone involved, including the medical expert." (AR 550–56). The Appeals Council denied review on June 14, 2010, making the AJL's decision the final decision of the Commissioner of Social Security. (AR 7).

Having exhausted her administrative remedies, Petitioner filed the instant action. *Petition for Review* (Docket No. 1). Petitioner requests that the ALJ's decision be reversed or, in the alternative, that this matter be remanded for an ALJ hearing *de novo*.

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was thirty-seven years old. (AR 82). She completed high school, and attended two years of college. (AR 94). Further, Petitioner has worked as a cashier, housekeeper, babysitter and office worker. (AR 96). Petitioner has stated that due to her disability, she has been unable to perform any of these past jobs, or any other for that matter. (AR 64).

The ALJ determined that Petitioner has the following severe impairments: bipolar disorder, post traumatic stress disorder, generalized anxiety disorder, diabetes mellitus, and obesity. (AR 17 (*citing* 20 CFR 404.1520(c)). Notwithstanding, the ALJ concluded that Petitioner had not met her burden of proving that she has been under a disability as defined by the Social Security Act during the period under consideration and denied her application for benefits accordingly. (AR 17-19).

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon the Petitioner to establish entitlement to disability benefits. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process. 20 C.F.R. §§ 404.1520, 416.920 (2005). If the Commissioner's decision is supported by substantial evidence and based upon proper legal standards, then it will be upheld. 42 U.S.C. § 405(g) (2000); *Matney ex rel. Matney v. Sullivan*, 921 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of fact by the ALJ are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual determinations, they must be upheld, even in the face of conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). This standard requires "more than a scintilla," but "less than a preponderance," *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ.  *See Richardson*, 402 U.S. at 401; *Matney*, 981 F.2d at 1019.  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  When the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will only be reversed for legal error.  *Matney*, 981 F.2d at 1019.  The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law.  *See id.*  However, reviewing courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).  Reviewing courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Id*. at 1095 (citations omitted).

There are two issues presented in the instant appeal.  First is whether the ALJ's determination that Petitioner's testimony was not entirely credible is adequately supported in his findings of fact.  Second is whether the AJL abused his discretion in not finding that Petitioner had not met the listing criteria for a chronic affective disorder.  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04C.  The Court reviews the Commissioner's determination to ascertain if it is supported by substantial evidence and whether the findings are based on application of proper legal standards.

## DISCUSSION

**A.     Conduct of ALJ During Hearing**

As an initial matter, Petitioner and her counsel both submitted letters to the Appeals Council regarding the claimed attitude of the ALJ during the hearing.  Petitioner stated that the ALJ was "very rude," and that she was "mistreated and humiliated by this judge." (AR 555–56).  Petitioner's attorney alleges that the "hearing itself felt like a battle," and the ALJ "insisted that [Petitioner] submit additional evidence to verify her testimony, and required any argument concerning the listings to be in writing."  (AR 550—51).

The Court has reviewed the transcript of the hearing, and has not found anything that would suggest that the ALJ was unusually confrontational, rude or engaged in any activity that would "defy explanation," as argued by Petitioner.  (AR 550).  The Court recognizes that a cold transcript does not always reveal the nuances of voice, demeanor, manner of speech, tone or intonation, facial expressions or body language.  However,

there is nothing in the record to cause the Court to conclude that the decision of the ALJ was motived by bias.[1]

Administrative decision makers must be impartial and the right to a hearing before an unbiased decision maker is a basic tenant of due process. *See Trident Seafoods, Inc. v. N.L.R.B.*, 101 F.3d 111 (D.C. Cir. 1996). The Federal Administrative Procedure Act states clearly that administrative hearings must be conducted in an impartial manner. 5 U.S.C.A. § 556(b). However, evidence of actual prejudice must be presented to establish a due process violation. Accordingly, the determination by the Commissioner will not be disturbed or overruled on these grounds.

**B.    Sequential Process**

When evaluating evidence presented at an administrative hearing, the ALJ must follow a five-step sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920. "The burden of proof is on claimant as to steps one through four[, but] as to step five, the burden shifts to [the] Commissioner." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir. 1999).

The first step of the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, Petitioner is not disabled, and benefits are denied. 20 C.F.R. § 404.1520(b). Here, the

---

[1] Petitioner does not make this argument in her appeal to this Court, but because of the seriousness of the allegations, the Court has reviewed the record to determine if the ALJ exhibited bias or questionable behavior during the hearing.

ALJ concluded that Petitioner has not performed substantial gainful activity since April 20, 2006. (AR 16).

The second step requires the ALJ to determine whether the claimant's impairment or combination of impairments are severe. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). Here, the ALJ found that Petitioner has the following severe impairments: bipolar disorder, post traumatic stress disorder, generalized anxiety disorder, diabetes mellitus, and obesity. (AR 17).

At the third step, the ALJ must determine whether the claimant's impairments meet or equal a listed impairment under the 20 C.F.R. Pt. 404, Subpt. P, App. 1. If so, the claimant is disabled, and entitled to disability insurance benefits. 20 C.F.R. § 404.1520(d). "If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four." *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (*citing* 20 C.F.R. § 404.1520(d)). In the instant action, the ALJ examined the listing requirements for diabetes mellitus (9.08), obesity,[2] and mental impairments (12.00) and concluded that Petitioner "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (AR 17-19).

---

[2] There is no listing for obesity. However, pursuant to Social Security Ruling 02-1p, the ALJ is required to consider the potential combined effects of obesity.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity (RFC) is sufficient for the claimant to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is "not disabled" and thus not entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(e). "If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step." *Lounsburry*, 468 F.3d at 1114.

In this regard, the ALJ concluded that Petitioner retains "the residual functional capacity to perform light work," with some exections. (AR 19) Specifically, the ALJ found Petitioner able to lift twenty pounds occasionally and ten pounds frequently, stand and/or walk or sit about six hours in an eight hour workday, with normal breaks. (AR 19-20). He further found that she cannot climb ladders, ropes or scaffolds, and should avoid even moderate exposures to machinery and heights. (*Id.*) With respect to her mental impairments, the ALJ found Petitioner "moderately limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision." Further, the ALJ found her to be "mildly limited in her ability to work in coordination with or proximity to others without being distracted by them." (*Id.*)

Concluding his analysis at step four, the ALJ found Petitioner capable of performing her past relevant work as a cashier-checker, cashier II, and

cleaner/housekeep[er]." (AR 28). The ALJ further concluded that no past relevant work requires the performance of work-related activities precluded by Petitioners' functional capacity. (*Id.*) Accordingly, the ALJ concluded that Petitioner "has not been under a disability, as defined by the Social Security Act, from April 20, 2006, through the date of [his] decision." (AR 29).[3]

C.   **Analysis**

Petitioner challenges the Commissioner's final determination on two grounds. First, Petitioner claims the ALJ failed to properly support his findings that the Petitioner is not credible, and improperly disregarded her pain testimony. *Petitioner's Brief*, p. 12–16.  Second, Petitioner claims the ALJ committed reversible error in step three of the sequential process by failing to find that Petitioner met or equaled listing 12.04 C2. *Id*. at 16–18.

Respondent responds generally that the ALJ's determination is supported by substantial evidence in the record, *Respondent's Brief*, p. 6.  Respondent directly refutes

---

[3] Had the ALJ concluded that Petitioner was not able to perform past relevant work, and proceeded to step-five, he would have then considered if the claimant is able to do any other work. 20 C.F.R. § 404.1520(f)(1). On the fifth step, the burden shifts to the ALJ. *Id.* If the ALJ finds that claimant cannot work, then the claimant is "disabled" and entitled to disability insurance benefits. *Id*. If the ALJ determines that the claimant can work, the ALJ must then establish that there are a significant number of jobs in the national economy that claimant can do in her condition. *Id*. "If the Commissioner cannot meet this burden, then the claimant is . . . entitled to disability benefits." *Lounsburry*, 468 F.3d at 1114. The ALJ can meet this burden by soliciting the testimony of a vocational expert, or the ALJ can reference the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. *Id*.

**MEMORANDUM DECISION AND ORDER -10-**

Petitioner's claims that the ALJ erred in determining Petitioner's credibility, *id*. at 12-15, and that she meets the listing requirement under 12.04.  (*Id*. at 7–12).

Respondent concludes, therefore, that the Commissioner's decision is based on substantial evidence and does not result from legal error.  *Id.* at 15.  This Court agrees and therefore dismisses this matter with the opinion set forth below.

1. **<u>Credibility</u>**

Petitioner argues that the ALJ failed to properly support his finding that Petitioner was not credible generally, and specifically regarding her pain testimony.  *Petitioner's Brief*, pp. 12–16.  Petitioner contends that the ALJ based his credibility determination on "several questionable inferences."  Specifically, Petitioner argues that the ALJ "appears to blame family stressors rather than [Petitioner's] bipolar disorder for her two most recent psychiatric hospitalizations." *Id*. at 14.  Further, Petitioner alleges that the ALJ "seems to discount [Petitioner's] testimony concerning her difficulties with panic attacks and going out in public out of hand because no panic disorder diagnosis is made in the record.  *Id*.  Additionally, though it does not directly relate to the ALJ's credibility determination, Petitioner argues that the ALJ improperly found that she "does not, and has not, decompensated."  *Id*. at 15.  Finally, Petitioner questions the weight the ALJ assigned to various GAF scores, arguing that he "conveniently disregarded" the two GAF scores of 30.  *Id*. at 15–16.

Resolution of conflicts in the testimony and of credibility questions is a function solely of the ALJ. *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988). Furthermore, "if the ALJ's credibility finding is supported by substantial evidence in the record," the Court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ is in the best position to make such credibility determinations and, for this reason, the ALJ's credibility determinations are entitled to great weight. *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990). Indeed, "[c]redibility determinations are the province of the ALJ." *Fair*, 885 F.2d 597, 604 (9th Cir. 1989).

Here, the ALJ determined that the Petitioner's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with [the RFC] assessment." (AR 21).

Where, as here, the ALJ finds the claimant's pain testimony to be not entirely credible, the Ninth Circuit has held that "the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so," and he "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; see also *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); SSR 96-7p.

Specifically, in determining whether the claimant's subjective testimony regarding the severity of her symptoms is credible, "the ALJ may consider claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between his testimony and his conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 791 (9th Cir. 1997). The ALJ may also consider "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (*citing Fair*, 885 F.2d at 603; *see also Thomas*, 278 F.3d at 958-59).

The petitioner's statements about the intensity or persistence of her pain "may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p. The ALJ must make findings "sufficiently specific to make clear to the individual to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

In evaluating this case, the ALJ made specific findings regarding which alleged symptoms he determined were not credible, and how much weight was given to any such statement and his reasons therefore. The ALJ discredited Petitioner's statements concerning the severity of her bipolar condition, as well as her alleged anxiety disorder, and found them not to be consistent with the objective medical evidence contained in the record. In addition, the ALJ found Petitioner's subjective testimony to be inconsistent

**MEMORANDUM DECISION AND ORDER -13-**

with her reports of activities of daily living, social functioning, concentration, and reports of decompensation.[4] (AR 18–19). For these reasons, the ALJ found Petitioner "credible only to the extent that they are inconsistent with the [ALJ's] residual functional capacity assessment." (AR 21).

Where the ALJ has made specific findings in support of his decision to discount and reject certain allegations made by Petitioner regarding symptoms and their functional effect on daily activities, and those findings are supported by substantial evidence in the record, as the Court concludes they are in this action, the Court's role is not to second-guess that decision. *Thomas*, 278 F.3d at 959. In this case, the ALJ's findings to reject Petitioner's credibility are sufficiently specific to allow the Court to conclude that the ALJ's decision is based on permissible grounds and that the ALJ did not arbitrarily discredit Petitioner's testimony. *See Bunnell*, 947 F.2d at 345.

Regarding Petitioner's allegations of a panic disorder, the ALJ clearly considered her testimony and gave it some weight. However, without supporting medical testimony, the ALJ is under no obligation to assign it any weight. Put another way, the ALJ properly rejected this portion of testimony because it was not supported by adequate evidence.

In this case, the ALJ correctly listed the relevant factors that should be considered in assessing the credibility of claimant's subjective complaints. Further, the ALJ considered Petitioner's daily activities, her prior work record, observations by treating

---

[4] "Decompensation" relates directly to Petitioner's claims regarding the listing requirements of 12.04. Accordingly, it will be discussed more in depth there. See supra section B2.

physicians, the duration and frequency of her symptoms, the precipitating and aggravating factors, the effectiveness of medication, and functional restrictions. Accordingly, no error arises from the ALJ's evaluation of Petitioner's subjective complaints of pain.

The ALJ's reasoning to support discrediting Petitioner's pain testimony is set forth in sufficient specificity for adequate judicial review; appears to be supported by clear and convincing evidence in the record; and appears to utilize competent evidence in support of his conclusions.

### 2. Step Three: Listing Requirements Under the Regulations.

At step three of the sequential process, the ALJ was required to determine whether Petitioner's impairments, or combinations thereof, meet or equal an impairment listed in the regulations. Petitioner argues that the ALJ erred in step three by failing to address whether the Petitioner met or equaled Listing 12.04 in regard to her chronic affective disorder. *Petitioner's Brief*, 16 (Docket No. 15). Petitioner takes the position that the ALJ erred in his conclusion that Petitioner did not meet the requirements of 12.04 C2. Specifically, Petitioner argues that the ALJ erred in concluding that the 12.04 C2 required a showing that a claimant had experience an episode of decomenstation of extended duration. Instead, Petitioner argues that she met the requirements of 12.04 C2, arguing that she would likely decompenstae if presented with minimal menal demands or changes to her environment.

**MEMORANDUM DECISION AND ORDER -15-**

Section 12.04 describes the circumstances under which an affective disorder will constitute a "disability" under the Act, and in relevant part reads:

> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> * * * *
>
> C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
> > 1. Repeated episodes of decompensation, each of extended duration; or
> >
> > 2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
> >
> > 3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpt. P, App.1. The Court has reviewed the evidence provided that establishes her impairments could meet the Listing 12.04 C2 requirements. However, there is also evidence that supports the ALJ's contrary conclusion that Petitioner's impairment failed to meet or equal the criteria in the Listing.

The record establishes that the ALJ considered 12.04 C2 and found that the evidence supporting such a listing "rest heavily upon the claimant's subjective testimony regarding her limitations which is not credited to the degree alleged." With specific regard to the C2 criteria, the ALJ concluded that the Petitioner would not decompensate

to the degree required under C2, citing to specific examples of when Petitioner was faced with increases in mental demands or changes in her environment, the many problems with her 15-year old daughter, working at Wal-Mart, and office work.  Petitioner's allegation that the ALJ makes no distinction between decompensation and episodes of decompensaiton of extended duration, finds no support in the record.

Instead, the ALJ adequately supports his finding that Petitioner does not meet the Listing requirements of 12.04C.  The ALJ notes that Petitioner has handled significant life issues with minimal impact that resolve fairly quickly.   The ALJ concluded that, based on his examination of the evidence in the record, Petitioner has a mild degree of limitation in activities of daily living; a mild difficulty in maintaining social contact; and moderate limitations of concentration, persistence and pace.  (AR 18-19).  In sum, although there was some evidence to the contrary, the ALJ's conclusions about Petitioner's mental impairments were supported by the substantial evidence and will not be disturbed on review.

In order for the ALJ's disability determination to be upheld, the ALJ has the burden of showing that his decision is based on substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. (*citing Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986)).  In this regard, the ALJ concluded that Petitioner had not met her burden of proof regarding her claims of disability, a conclusion that, to be upheld, must be based on substantial evidence and supported by the record. *Roberts v. Shalala*, 66 F.3d

MEMORANDUM DECISION AND ORDER -17-

179, 182 (9th Cir. 1995) ( In any claim for disability, the initial burden of proof rests upon the claimant).

Although there is some evidence tending to support Petitioner's position, and reasonable minds could disagree, Petitioner's primary contentions appear to be that the ALJ gave too much weight to the evidence upon which he relied and did not give enough weight to other evidence favorable to Petitioner. Petitioner argues that the record supports a conclusion that she was disabled within the meaning of the Act.

However, as discussed in this decision, the ALJ is the fact finder and is solely responsible for weighing and drawing inferences from facts and determining credibility. *Allen*, 749 F.2d at 579; *Vincent on Behalf of Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, as exists here, the Court may not substitute its interpretation for that of the ALJ. *Key*, 754 F.2d at 1549. With all of the foregoing in mind, the Court concludes that the evidence upon which the ALJ relied can reasonably and rationally be relied upon to support his conclusion, despite the fact that such evidence may be susceptible to a different interpretation.

The Court finds, and thus concludes, that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal

standards.  Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision.  The Commissioner's decision is upheld.

## V.  ORDER

Based on the foregoing, the decision of the Commissioner is AFFIRMED and this action is DISMISSED in its entirety with prejudice.



DATED:  **September 13, 2011**.

Honorable Larry M. Boyle
United States Magistrate Judge